## WILLIAM O. REDDEN *vs*. P. SPRUANCE and others.

The contents of a letter written to the plaintiff by a witness, and detailing a conversation with one of the defendants is not admissible in evidence, the witness being unable to swear to any of the facts from memory, though he is willing to swear to the truth of the letter from confidence in his own veracity.

QUESTIONS reserved by the Superior Court. (See *ante* p. 217.)

Heard at the June term, 1845, before the Chancellor, and Judges Booth, Harrington, Milligan and Hazzard.

The action below was against the defendants, proprietors of a line of stage coaches, for carrying the plaintiff's slave out of the State, knowing him to be a slave. Isaac H. Register was called as a witness for plaintiff to prove the admission of Elihu Jefferson, one of the defendants, and the agent of the stage line, that the negro passed through New Castle in the defendants' stage, and that a passenger told him it was plaintiff's slave. The witness at first had no recollection of any conversation with Jefferson on the subject, or of writing any letter to plaintiff; but on being shown the letter, which was dated May 30, 1839, he knew it to be his and recollected writing it, and recollected having a conversation with Jefferson just before writing the letter; but he had no recollection of any thing that was said in his said conversation with Jefferson, nor did the letter now refresh his memory as to any of the facts stated in it. He remembered only that he had a conversation with Jefferson and wrote this letter soon afterwards; and he was willing to swear that the con-

tents of the letter were true, because he would have written nothing therein that was not true.

*Layton* and *Houston*, for plaintiff.—The general principle is that a witness can depose only to such facts as are within his own recollection. He may assist his memory by a memorandum, or copy of a memorandum, and his evidence as to facts there stated will be ·sufficient, if the paper recalls them to his recollection. (1 *Phil. Ev.* ·226.) The rule is subject to many exceptions. The English courts have not merely admitted the witness' notes to refresh memory, but have also permitted a witness to read a statement of conversations collateral to the matter to be proved. The decisions in this country have gone still further; and, taking the common sense ground, that the writing itself is better evidence than the recollections of the wit-·ness, have admitted the letter in evidence. (1 *Greenleaf's Ev. sec.* 436, p. 509, *sec.* 437.) Where the writing is made by another per-·son than the witness, he cannot be permitted to swear to the truth ·of it; but he may swear to the truth of his own notes. And the pa-.per itself is thus made evidence. (1 *Rawle's Rep.* 152·; 12 *Serg. &·* *Rawle* 84, *Smith* vs. *Lane;* 2 *Nott &· McCord* 331; 43 *Law Lib.* 229; ·2 *Steph. N. P.* 1780; 8 *Barn. &· Cressw.* 14; [15 *C. L. Rep.* 147;] ·2 *Adolp. &· Ellis* 215, *Ibid* 341; 1 *Stark. Evid.* 176; [29 *C. L. Rep.* 78;] *Ibid* 113.)

Where a witness swears to a *fact*, he may refresh his memory by ·a writing made at the time; but where he swears to *words,* he may ·read *it*, if he swears he presently committed it to writing. (*Comb. Rep.* 445; 1 *East Rep.* 460; 3 *Durnf. &· East* 749-52; 8 *East Rep.* 273; *Salk. Rep.* 285; 43 *Law Lib.* 226, *Price* vs. *Torrington.*)

Where the witness refers to a paper to refresh his memory and ·the paper is an original, made about the time of the transaction, he ·may swear from his confidence in the paper itself, though he remem-·bers it not. (43 *Law Lib.* 229; 2 *Hill's Rep.* 445; 15 *Mass. Rep.* 360, [380;] 15 *Wend. Rep.* 193; 16 *Ibid* 586; 1 *Rep. Con. Court* (S. C.) 433, *Haig* vs. *Newton; Ibid* 373, 336, *Sharp* vs. *Bergley.*)

*Frame* and *Bates*, for defendants.—The position may still be main-tained, notwithstanding the mass of loose authorities, that a witness is always to speak from his own recollection, refreshed, though it may be by notes. The question here is whether a witness who has forgot-ten the fact of having written a letter, as well as its contents, can swear to its contents, though not now recollecting one word that it states, upon the letter being presented to and recognized by him, and he now recol-lecting that he wrote the letter at the time of transactions to which it

refers; and being willing to swear to the truth of its contents merely from his confidence that he would have written nothing untrue: that is, can a witness swear to what he does not recollect, because he finds it in his own handwriting, and is willing to attest his own veracity. This is a new principle of evidence; the old one being that witnesses are to swear from their own memory or recollection refreshed by writings. (1 *Phil. Ev.* 209; 1 *Stark. Ev.* 154-5; 3 *T. Rep.* 749.)

There may be exceptions to this: a memorandum made in the course of business may be one exception. Many of the cases cited fall under this head. So of attesting witnesses to any legal paper. Also where a witness makes a memorandum at the time for the express purpose of perpetuating evidence of the facts. So where identical words are to be proved, as in actions of slander, a record of such words made at the time with a view to evidence may be read in evidence.

This case falls under none of these exceptions. The rule still remains, and is found in all the text books, even such as refer to the cases here cited; that the witness must speak from his own memory of the facts, or from his recollection as refreshed. This is what the court below decided.

Why is the letter produced? Not as evidence in itself and the witness called to prove *it;* but the witness is called to prove the facts, and it is produced to refresh the memory. Failing to do that, if the letter is to be read in evidence, it is in effect allowing the principle of hearsay evidence. For what is it more? Isaac Register writes down a statement of facts, which he will not, because he cannot, swear to as facts; but he swears that he wrote them, and is willing to swear he is an honest and credible man. His written statement is no more evidence than his verbal statement; and if his veracity and honesty are to be proved, it were better to allow some one else to prove it. It is, therefore, a most exceptionable form of hearsay evidence. It violates two of the most important rules of evidence, that which excludes statements not under oath; and the rule that the witness shall be subject to cross examination.

The unanimous opinion of the court was announced by Judge Harrington.

HARRINGTON, *Justice.*—The general rule of evidence is not questioned, that the witness must swear to facts within his own knowledge, though his memory may be refreshed, and his knowledge verified, by reference to written memorandums. Further than this the memorandum or writing cannot be used; except in cases where it

was made in the usual course of business as evidence of the fact to be proved; as in book entries, notes of presentment, protest, &c.; or where it is made with the knowledge and concurrence of the party to be charged, for the purpose of charging him; or where the verification of the writing itself establishes the fact to be proved, as in the case of the attestation of solemn instruments. So where the question was whether a bill of exchange had passed through a banker's hands, his clerk was allowed to prove his own writing on it, though he did not recollect it. Also with regard to inventories and schedules; precise dates; particular words, and other matters which the memory would not be likely to retain, a greater liberty of reference has been allowed, where the notes were made at or about the time of the transaction, and where the witness remembers that at the time they were made he knew them to be correct and true. This seems to be carrying the principle of substituting memorandums for the sworn recollection of witnesses far enough. It has been done from the apparent necessity of cases occurring so often as to form classes; but none of the cases heretofore adjudged to be exceptions to the general rule of evidence, have come up to the proposition now before us, that a *statement of facts in a letter* written by a witness, shall be evidence of those facts, merely because he will attest his own general veracity, though he cannot recollect any thing about them. What is that more than the unsworn statement of the witness? He is called to prove a conversation which he had many years ago with one of the defendants, and to establish a fact admitted by the defendant in that conversation. He has no recollection that such fact was admitted by the defendant; he does not remember that at any time he did know that it had been admitted; he did not remember the conversation; or that he ever wrote the letter; but on its production he recognizes it to be his, remembers writing it, and remembers the conversation, and there his knowledge stops; though, being a man of truth, he is willing to swear from general confidence in his own veracity, that what the letter contains is true.

If we analyze this letter it is apparent that it cannot be regarded as legal evidence alone, or supported by proof of the general good character of the writer. It was made for no purpose of perpetuating testimony; from no necessity in the usual course of business; by no one connected with the defendants; by a third person in casual correspondence with the plaintiff; not under oath; not subject to cross examination; and which cannot now be the subject of a cross examination, for the memory of the writer is a blank as to

every matter contained in the letter. It is, therefore, in itself a simple unsworn statement of facts not otherwise proved. Is this strengthened by proof that the writer is in general a man of truth? Certainly not. He is unable to testify on oath as to any fact contained in the letter; and, however good his general character may be, whether proved to be such by himself or by others, it is not good enough, nor is any man's good enough, to dispense with the necessity of an oath, or make an unsworn statement evidence. The question is not whether the witness is a man whose unsworn statements verbally or in writing are likely to be true; it is whether facts so stated can be admitted in evidence without an oath to verify them, and that oath founded upon a knowledge or recollection of the facts, and not merely upon the writer's general reliance on the accuracy as well as truth of his own statements.

The case presents a remarkable instance of failure of memory; and, though we may regret the consequence in this particular case, we are bound by what we consider well settled and wise rules of evidence to exclude the contents of this letter. It states an important admission made to the witness by one of the defendants, and the writer is a man of good character; but his memory does not enable him here as a witness under oath to confirm that admission, and it would be an extremely dangerous precedent to admit his mere statement in evidence.

A great many cases were cited in the argument which it is unnecessary particularly to review. These with many others are examined in the American note to Price *vs.* Lord Torrington, *Smith's Leading Cases*, 43 *Law Lib.* 223, and the result of all of them is " that entries made in the regular and usual course of business are admissible in evidence, after the death of the person who made them, on proof of his handwriting; and, during his life, if authenticated by himself: other entries may be used to refresh the memory, but are not admissible in evidence."

*Layton* and *Houston*, for plaintiff.

*Frame* and *Bates*, for defendants.